IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEREK HECTOR RIVERA, | : | Civil No. 1:25-CV-00399 |
| Petitioner, | : | |
| v. | : | |
| PENNSYLVANIA ATTORNEY GENERAL'S OFFICE, *et al.*, | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Derek Hector Rivera ("Petitioner") challenging a decision of the Pennsylvania Parole Board ("the Board"). (Doc. 1.) Petitioner did not exhaust his state remedies prior to filing his petition in this court. Therefore, the court will dismiss the petition without prejudice.

### PROCEDURAL BACKGROUND AND HISTORY

On August 26, 2016, Petitioner pleaded guilty to two counts of indecent assault of a juvenile. (Doc. 1, p. 1; Doc. 6-1, p. 5.)[1] He was sentenced to an indeterminate term of imprisonment of two years and four months to ten years. (Doc. 6-1, p. 5.) His controlling minimum and maximum dates were noted as October 12, 2017 and June 12, 2025. (*Id.*) Petitioner was released on parole on July 31, 2020 with a maximum expiration date of June 12, 2025. (*Id.*, p. 19.) At

---

[1] For ease of reference, the court uses page numbers from the CM/ECF header.

1

the time of his release to parole, Petitioner signed Conditions Governing Parole/Reparole that notified him that if he were to be convicted of a crime while on parole, the Board was authorized to recommit him to serve the balance of his sentence when paroled with no credit for time spent at liberty on parole. (*Id.*, pp. 21–22.)

On September 12, 2022, Petitioner was charged with persons not to possess, use, manufacture, control, sell or transport firearms; receiving stolen property; and possessing instruments of crime. (*Id.*, pp. 24–28.) On October 17, 2022, the Board rendered a decision to detain Petitioner pending disposition of these charges and recommitted Petitioner to custody to serve six months for technical parole violations. (*Id.*, pp. 30–33.)

On February 27, 2024, Petitioner was sentenced to five to ten years for the persons not to possess a firearm charge. (*Id.*, p. 35.) Following this conviction, the Board rendered a modifying decision to terminate the reparole portion previously imposed on Petitioner's technical violation recommitment and recommitted Petitioner to state custody as a convicted parole violator to serve a recommitted period of thirty-six months. (*Id.*, pp. 37–38.) This resulted in Petitioner's maximum sentence date being January 8, 2029. (*Id.*) The Board found that Petitioner "committed a new offense involving possession of a weapon thereby warranting denial of credit for time at liberty on parole." (*Id.*)

On June 14, 2024, Petitioner submitted an administrative remedies form to the Board challenging only the duration of his recommitment period. (*Id.*, pp. 43–44.) The Board's decision was affirmed on November 19, 2024. (*Id.*, pp. 46–47.) Petitioner then filed a petition for review in the Commonwealth Court on December 3, 2024. (*Id.*, pp. 50–51.) The Commonwealth Court remanded the action to the Board to reimpose Petitioner's period of recommitment utilizing an 18 to 24-month range. (*Id.*, p. 58.) On May 27, 2025, the Board rendered a decision modifying the May 30, 2024 decision and recommitted Petitioner to state custody for a period of 24 months. (*Id.*, pp. 60–61.)

Petitioner initiated this action by filing a petition that was placed in the mail on February 3, 2025. (Doc. 1.) This petition was received and docketed by the court on March 4, 2025. (*Id.*) In this petition, Petitioner challenges the Board's decision to deny him credit for time spent at liberty on parole. (*Id.*)

Petitioner paid the requisite filing fee, and the court ordered that the petition be served on Respondents. (Doc. 4.) Respondents filed a response on July 8, 2025. (Doc. 6.) Petitioner has not filed a traverse. The court will now address the petition.

## VENUE

Under 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus under Section 2254 can be filed in either the district where the petitioner is in custody, or

in the district where the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d). Petitioner is currently in custody at the State Correction Institution Rockview ("SCI-Rockview") in Centre County, Pennsylvania, which is located in this district. 28 U.S.C. § 118(b). Therefore, venue in this district is proper.

## DISCUSSION

Respondents seek dismissal of the petition based on Petitioner's failure to seek final administrative review and exhaust his state court remedies. (Doc. 6.) Absent unusual circumstances, federal courts will not consider the merits of a claim for habeas corpus unless the petitioner has complied with the exhaustion requirement set out at 28 U.S.C. § 2254(b)(1)(A). This provision requires that the petitioner give the state courts a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court. *See Baldwin v. Reese,* 541 U.S. 27, 29 (2004). Pursuant to the habeas statute, a petitioner has not exhausted the remedies available in the courts of the state "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

To properly exhaust a claim involving a determination by the Board, the petitioner must first seek administrative review with the Board within thirty days of the mailing date of the Board's decision. *See* 37 Pa.Code § 73.1(a). Once the Board has rendered a final decision, the petitioner must seek review in the

Commonwealth Court. *See* 42 Pa.C.S.A. § 763(a). Unlike appeals and collateral review of convictions, a petitioner challenging the Commonwealth Court's denial of parole relief must seek review in the Pennsylvania Supreme Court in order to satisfy the exhaustion requirement. *Pagan v. Pennsylvania Bd. of Prob. and Parole,* 2009 WL 210488 *3 (E.D. Pa. January 22, 2009); see *also Brown v. Pennsylvania Bd. of Prob. and Parole,* 2010 WL 2991166 (E.D. Pa. July 28, 2010). If the petitioner fails to seek review from the Supreme Court of Pennsylvania, then the state claim is unexhausted. *See Williams v. Wynder,* 232 Fed. App'x. 177, 181 (3d Cir. 2007).

    The record reveals that Petitioner has not filed a petition for administrative review challenging the Board's recalculation of his maximum sentence and the time for doing so has expired. Moreover, he has not filed a petition for review with the Commonwealth Court on this issue, making the claims unexhausted. The time for him to file a petition for review with the Commonwealth Court has also expired. *See* Pa .R.A.P. 903(a) (notice of appeal shall be filed within thirty days after the entry of the order from which the appeal is taken). He is consequently time-barred under state law from seeking such review, and he is in procedural default for failure to comply with the state filing requirement. *See Coleman v. Thompson,* 501 U.S. 722, 735 n. 1 (1991).

"Procedurally defaulted claims cannot be reviewed unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Brown v. Pennsylvania Bd. of Prob. and Parole,* 2010 WL 3025617 *2 (E.D.Pa. June 7, 2010) (internal quotations omitted). Petitioner has made no attempt to establish cause for the default. Instead, he claims "Pennsylvania prisoners can file a habeas corpus petition directly in federal courts without going through the Pennsylvania court system first, because federal courts are well aware that no available state court remedy exits." (Doc. 1, p. 7.) This argument is unsupported by authority and therefore unavailing. Petitioner also does not demonstrate that a failure to consider these claims will result in a fundamental miscarriage of justice and does not assert that he is actually innocent of the underlying crime. Therefore, he is precluded from pursuing habeas relief on the issue raised in the petition.

### CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the disposition of this case debatable. Accordingly, no COA will be issued.

## CONCLUSION

Because Petitioner has not exhausted his available state remedies, the court will dismiss his petition without prejudice, deny a certificate of appealability, and close the case.

An appropriate order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: October 14, 2025